1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| NEWPATH NETWORKS, LLC, A NEW JERSEY LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF IRVINE, CALIFORNIA, AND THE CITY COUNCIL OF THE CITY OF IRVINE, CALIFORNIA,<br><br>Defendants. | Case No. SACV06-550 JVS (RNBx)<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

Rutan & Tucker, LLP
*attorneys at law*

-1-

In the Matter of *NewPath Networks, LLC v. The City of Irvine, California,* et al., the Motion of Plaintiff NEWPATH NETWORKS, LLC, A NEW JERSEY LIMITED LIABILITY COMPANY ("NewPath" or "Plaintiff") for Summary Judgment came on for hearing before this Court on February 25, 2008, Robert Jystad, Esq. and Jamie T. Hall, Esq., appearing for Plaintiff, and Jeffrey Melching, Esq., appearing for Defendants THE CITY OF IRVINE, CALIFORNIA et al. ("City" or "Defendants"). On March 13, 2008, this Court entered its Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment as to Counts I, II, VI and VII ("Order"). After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, the Court **GRANTED** NewPath's declaratory and injunctive relief as to Plaintiff's federal preemption and violation of federal Communications Act claim under 47 U.S.C. § 253 (Count I), **DECLINED** to exercise supplemental jurisdiction over Plaintiff state law claims (Count II), **DENIED** Plaintiff's equal protection claim and awarded summary judgment on the equal protection claim in favor of the City (Count VI) and **RULED AGAINST** NewPath on its request for damages under 42 U.S.C § 1983 arising from its equal protection claim (Count VII). This Judgment and Permanent Injunction is a final order of the Court and the City is hereby enjoined as described herein. It is further ordered as to Plaintiff's Counts I, II, VI and VII that this Judgment and Permanent Injunction is final and, pursuant to Federal Rule of Civil Procedure 54(b), no just cause exists for delay.

## **INJUNCTION**

For these reasons and those stated in the Order, the City of Irvine's Wireless Communications Ordinance, codified in the Irvine Zoning Ordinance as Chapters 2-9, 2-23, 2-37.5, and 3-8, ("WCO") WCO violates § 253(a) and cannot be saved by the safe harbor provisions in § 253(c), and is therefore preempted under the Supremacy Clause of the U.S. Constitution by 47 U.S.C. § 253, and is void, invalid,

**Rutan & Tucker, LLP**
*attorneys at law*

and unenforceable.

Accordingly, by Order of this Court:

1. The City is hereby permanently enjoined from enforcing the provisions of the WCO on telecommunications applicants in Irvine, including NewPath.

2. The Court declines to direct the City as to how to craft a zoning code that complies with the Federal Telecommunications Act; the Court also declines to prohibit the City from attempting to craft such a zoning code.

3. Because NewPath's challenge to the WCO was merely a facial challenge and directed to no ruling affecting it, the Court declines to issue an order requiring the City to issue all necessary permits for the construction of NewPath's DAS.

4. The Court declines to exercise supplemental jurisdiction over NewPath's state law claims, and accordingly dismisses the claim without prejudice.

5. The Court denies NewPath's motion for summary judgment and awards judgment in favor of Irvine on NewPath's equal protection claim.

**IT IS SO ORDERED.**

Dated: April 04, 2008

_____
**JAMES V. SELNA**
United States District Judge

Rutan & Tucker, LLP
*attorneys at law*